1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11   JOHN ERNEST DADE,                )   NO. CV 14-9458-RT (AS)
                                       )
12                 Petitioner,         )
                                       )   **ORDER DENYING AND**
13          v.                         )
                                       )   **DISMISSING PETITION**
14   RICHARD B. IVES, Warden,[1]       )
                                       )   **FOR LACK OF JURISDICTION**
15                 Respondent.         )
                                       )
16   _____  )

17

18

19

20                              **INTRODUCTION**

21

22        On December 10, 2014, John Ernest Dade ("Petitioner") filed a

23   "Federal Place Holder Petition," ("Petition") (Docket Entry No. 1),

24        [1]   The Court has substituted Richard Ives, the current
25   Warden at the Federal Correctional Institution Lompoc, where
     Petitioner is currently serving his sentence, as the Respondent.
26   See 28 U.S.C. § 2243; Rumsfeld v. Padilla, 542 U.S. 426
     (2004)(proper respondent is person having custody over the
27   petitioner)

28                                    1

seeking permission to file a timely Petition, pursuant to 28 U.S.C. § 2241, after he has pursued his challenges to the district court's dismissal of his amended Section 2255 motion before the Ninth Circuit Court of Appeals and the U.S. Supreme Court. Id. at 1, 8-22.[2] Petitioner, who is confined in the Central District of California, challenges the validity of the dismissal of his amended § 2255 motion by the United States District Court for the District of Idaho. Id. Petitioner claims that his due process rights were violated when the district court granted summary judgment "because [petitioner] did not directly respond, amend, rebut, or defend . . . [the government's motion for summary judgment]." Id. at 1.

On January 21, 2015, the Magistrate Judge issued An Order to Show Cause "why this action can proceed under § 2241 or why, in the alternative, it should not be transferred to the United States District Court for the District of Idaho." (Docket Entry No. 3). The Order noted that the claims raised in the instant Petition may only proceed pursuant to § 2255 and the only court with jurisdiction over this action is the District of Idaho, the sentencing court, and directed Petitioner to SHOW CAUSE no later than **February 20, 2015** why this action could proceed under § 2241 or why, in the alternative, it should not be transferred to the United States District Court for the District of Idaho. Id.

---

[2]    All citations are to the pagination reflected in the Court's electronic docket.

1   Petitioner did not file any response to the Minute Order
2   within the allotted time.

3

4       For the reasons discussed below, the Court finds that the
5   Petition is a section 2255 motion over which this Court has no
6   jurisdiction.   The Court will therefore dismiss the Petition for
7   lack of jurisdiction.

8

9                          **PROCEDURAL BACKGROUND**

10

11      On September 16, 2002, Petitioner was convicted, following a
12  jury trial in the United States District Court for the District of
13  Idaho, of making threatening interstate communications, interstate
14  stalking on February 18, 2001, use of a firearm in relation to a
15  violent crime, and interstate domestic violence on October 20,
16  2000.[3]   On August 31, 2006, Petitioner was resentenced to 336
17  months imprisonment following the Ninth Circuit Court of Appeals'
18  judgment affirming his convictions and remanding for resentencing.
19  On April 22, 2008, the Ninth Circuit affirmed Petitioner's
20  convictions and the sentence imposed on August 31, 2006.   See
21  United States v. Dade, 275 Fed.Appx. 600 (9th Cir. 2008).   On
22  October 5, 2009, the United States Supreme Court denied a petition

23

24          [3]    The Court takes judicial notice of the records of the
25  United States District Court for the District of Idaho, and the
    United States Court of Appeals for the Ninth Circuit available on
26  the PACER database.   See Mir v. Little Company of Mary Hosp., 844
    F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of
27  court records).

28                                  3

for writ of certiorari.  <u>Dade v. United States</u>, 130 S.Ct. 321
(2009).

On May 16, 2010, Petitioner filed an amended motion to vacate,
set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the
District of Idaho.  On March 18, 2011, Respondent filed a motion
for summary judgment after conducing the limited discovery ordered
by the court.  On December 16, 2011, the court denied the § 2255
motion and denied a certificate of appealability. (Pet. 8-22); <u>See</u>
2011 WL 6301123 (D. Idaho Dec. 16, 2011).  On June 20, 2012, the
Ninth Circuit denied a certificate of appealability.  On January
13, 2014, the United States Supreme Court denied a petition for
writ of certiorari, <u>Dade v. United States</u>, 134 S.Ct. 949 (2014),
and on March 24, 2014, the United States Supreme Court denied a
petition for rehearing. <u>Dade v. United States</u>, 134 S.Ct. 1580
(2014).

**APPLICABLE LAW**

A federal prisoner who contends that his or her conviction or
sentence is subject to collateral attack "may move the court which
imposed the sentence to vacate, set aside or correct the sentence."
28 U.S.C. § 2255.  "Generally, motions to contest the legality of
a sentence must be filed under § 2255, while petitions that
challenge the manner, location, or conditions of a sentence's
execution must be brought pursuant to § 2241 in the custodial

court." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000) (citations and footnote omitted).   A prisoner generally may not substitute a habeas petition under 28 U.S.C. section 2241 for a section 2255 motion.

> An application for a writ of habeas corpus on behalf of
> a prisoner who is authorized to apply for relief by
> motion pursuant to this section, shall not be entertained
> if it appears that the applicant has failed to apply for
> relief, by motion, to the court which sentenced him, or
> that such court has denied him relief, unless it also
> appears that the remedy by motion is inadequate or
> ineffective to test the legality of his detention.

28 U.S.C. § 2255; <u>see</u> <u>Stephens v. Herrera</u>, 464 F.3d 895, 897-99 (9th Cir. 2006); <u>Hernandez</u>, 204 F.3d at 864-65.

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" <u>Hernandez</u>, 204 F.3d at 864-65; <u>see also</u> <u>Stephens</u>, 464 F.3d at 897. This "savings clause" exception to § 2255 exclusivity is a "narrow" exception.   <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059-60 (9th Cir. 2003); Mere lack of success in the sentencing court does not make the § 2255 remedy "inadequate or ineffective."   <u>Boyden v.</u>

United States, 463 F.2d 229, 230 (9th Cir. 1972). If the rule were otherwise, every disappointed prisoner/movant incarcerated in a district different from the sentencing district could pursue a repetitive § 2241 petition in the district of incarceration.

Similarly, neither the enforcement of the statute of limitations nor the enforcement of restrictions on successive § 2255 motions renders the § 2255 remedy "inadequate or ineffective" within the meaning of the statute. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (the possibility that a § 2255 remedy, once available, now may be barred by the applicable statute of limitations does not render the § 2255 remedy "inadequate or ineffective"); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999)(dismissal of a § 2255 motion as successive does not render the § 2255 remedy "ineffective or inadequate"). The savings clause does apply, however, when a petitioner demonstrates both "actual innocence" and the lack of an "unobstructed procedural shot" at presenting the petitioner's claims. See Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008); Stephens, 464 F.3d at 898. In order to "establish actual innocence, [P]etitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998)(citation and quotations omitted); see Stephens, 464 F.3d at 898. "[T]he issue is 'factual innocence, not mere legal insufficiency.'" Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (quoting Bousley, 523

U.S. at 623).

**DISCUSSION**

A review of the Petition reveals that Petitioner's arguments are confined to the legality of his detention, specifically, a challenge to the district court's dismissal of his amended section 2255 motion challenging the legality of his convictions for making threatening interstate communications, interstate stalking, interstate domestic violence, and use of a firearm in relation to a violent crime, and the 336-month sentence imposed by the district court. Pet. at 8. Petitioner makes no mention of the manner, location or conditions relating to the execution of his sentence, nor does he claim that his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Stephens, 464 F.3d at 897. Thus, Petitioner may only proceed with the instant federal petition under § 2241 if he can make a claim of actual innocence *and* establish that he has not had an unobstructed shot at presenting that claim under the savings clause in 28 U.S.C. § 2255.

Petitioner has failed to make a claim of actual innocence. He does not allege that he did not commit the acts underlying his conviction. In denying Petitioner's amended section 2255 motion, the district court noted that Petitioner acknowledged that, with respect to the admission of audiotapes of himself and the victim, Petitioner "admitted he was a participant in the conversation and

7

that the voice was his, and agreed that he had made the threats to the victim that were on the tapes." See Pet. at 22 (Order Granting Motion for Summary Judgment, n.4).

Because the savings clause requires a Petitioner to satisfy both his actual innocence *and* that he lacked an "unobstructed procedural shot" at presenting his claims, See Harrison, 519 F.3d at 959, and because Petitioner has not established actual innocence, the Court need not examine whether he lacked an unobstructed procedural shot to pursue the claims presented in his Petition.[4] Id. Because Petitioner fails to make a claim of actual innocence and establish that he has not had an unobstructed shot at presenting that claim under the savings clause in 28 U.S.C. § 2255, Petitioner can only raise his contentions in a motion filed pursuant to 18 U.S.C. § 2255. See United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001) (savings clause inapplicable where defendants did "not argue innocence, but instead challenge[d] their sentences"); Frank v. Banks, 2011 WL 3477096, at *3-5 (C.D. Cal. July 15, 2011), adopted, 2011 WL 3476602 (C.D. Cal. Aug. 9, 2011) (agreeing with "every circuit" to have addressed the issue that the savings clause "requires a claim of actual innocence directed to the underlying conviction, not merely the sentence").

---

[4]   The Court notes, without deciding, that Petitioner will not likely prevail on a claim that he did not have an unobstructed shot at presenting a claim of actual innocence because Petitioner has claimed actual innocence in connection with the alleged ineffective assistance of counsel claims in his amended section 2255 motion.

Accordingly, the claims raised in the instant Petition may only proceed pursuant to § 2255 and the only court with jurisdiction over this action is the sentencing court, the United States District Court for the District of Idaho.

Thus, this Court lacks jurisdiction over the present "Place Holder Petition." A court lacking jurisdiction of a civil action may transfer the action to a court in which the action could have been brought, provided the transfer is "in the interest of justice." 28 U.S.C. § 1631; see Cruz-Aquilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." Cruz-Aquilera v. I.N.S., 245 F.3d at 1074 (citations and quotations omitted).

However, the Court finds that a transfer of this case to the district of conviction would be futile. First, the one-year statute of limitations will likely bar consideration of this action given the fact that Petitioner's direct appeal concluded in 2009 when the United States Supreme Court denied his petition for certiorari from the judgment affirming his convictions and sentence. Second, the United States District Court for the District of Idaho could not entertain this "second or successive" section 2255 motion, absent authorization from the Ninth Circuit. Thus, transfer of this action to the United States District Court for the

9

District of Idaho is not in the interest of justice and the Court will exercise its discretion, under 28 U.S.C. § 1406(a), and decline to transfer the case.

**ORDER**

For all of the foregoing reasons, IT IS ORDERED that the Petition is denied and dismissed without prejudice for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk promptly serve by United States mail a copy of this Order on Petitioner

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: <u>April 7, 2015.</u>

ROBERT J. TIMLIN

_____
                ROBERT J. TIMLIN
            UNITED STATES DISTRICT JUDGE

PRESENTED this 5th day of
March, 2015, by:

/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

10